UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

WAYNE R. SMITH,

                Plaintiff,

   v.                                                6:24-CV-00828 (AMN/ML)

NICHOLAS RUSZKOWSKI, CONNOR
BLOVAT, DAVID WEBB, DAVID
MORRISSEY, and OFFICER
HUMPHRIES,

                Defendant.

---

**APPEARANCES:**

**WAYNE R. SMITH**
24-B-3346
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034
Plaintiff, *pro se*

**Hon. Anne M. Nardacci, United States District Judge:**

**ORDER**

**I.   INTRODUCTION**

On July 1, 2024, Plaintiff Wayne R. Smith commenced this action *pro se* against Whitesboro Police Department, Officer Nicholas Ruszkowski, Officer Conner Blovat, and "Officer Humphries," alleging that they used excessive force and failed to protect Plaintiff during his April 5, 2024 arrest after Plaintiff fled the scene of a motor vehicle accident. *See* Dkt. No. 1. On August 26, 2024, Plaintiff filed an amended complaint, removing Whitesboro Police Department as a defendant and adding civilian David Webb and Officer David Morrissey as new

1

defendants (collectively with Ruszkowski, Blovat, and Humphries, "Defendants"). *See* Dkt. No. 9 (the "Amended Complaint").

On September 19, 2024, Plaintiff sought leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. No. 14, which was originally denied as incomplete, *see* Dkt. No. 15, and after being granted several extensions to do so, Plaintiff filed a second motion to proceed IFP on December 6, 2024, *see* Dkt. No. 19.

This matter was referred to United States Magistrate Judge Miroslav Lovric, who reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e), and on March 25, 2025, granted Plaintiff's second request to proceed IFP and recommended that (i) Plaintiff's excessive force and failure to protect claims against Defendants Ruszkowski, Morrissey, Blovat and Humphries survive initial review; and (ii) Plaintiff's claims against Defendant Webb be dismissed without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2)(ii) and 1915A(b)(1). *See* Dkt. No. 20 at 2-3, 8.[1] Magistrate Judge Lovric advised that, pursuant to 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id*. at 11. No objections have been filed, and the time for filing objections has expired.

For the reasons set forth below, except for the recommendation regarding the dismissal of Defendant Webb, the Court adopts the Report-Recommendation in its entirety.

## II.    STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223,

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C).  If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error.  *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition).  "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'"  *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted).  The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education.  *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).  After appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.    DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Lovric construed the facts in the Amended Complaint as asserting three causes of action pursuant to 42 U.S.C. § 1983: "(1) police brutality; (2) failure to protect; and (3) excessive force." Dkt. No. 20 at 3.  With respect to the police brutality and excessive force claims, Magistrate Judge Lovric found that those "claims are essentially the same" and recommended that the police brutality claim be subsumed into Plaintiff's excessive force claim.  *See id.* at 6 (citing

3

*Smith v. New York City Police Dept.*, No. 06-CV-15436, 2010 WL 423039, at *3 n.2 (S.D.N.Y. Feb. 4, 2010)).

Mindful of the need to "construe his pleadings liberally," Magistrate Judge Lovric recommended that Plaintiff's failure to protect and excessive force claims survive as to Defendants Ruszkowski, Morrissey, Blovant, and Humphries based upon Plaintiff's allegations that he was beaten and suffered injuries during an arrest that those Defendants allegedly conducted in their official capacities as police officers on April 5, 2024.  *Id.* at 7-8.  Additionally, while Plaintiff also claims that Defendant Webb, a "private citizen," punched or otherwise physically assaulted Plaintiff, Magistrate Judge Lovric recommended that he be dismissed from the action because the Amended Complaint does not suggest that Defendant Webb was acting under color of state law at any point during the alleged incident.  *Id.* at 8; *see also id.* at 7 ("a private actor acts under color of state law when the actor is a willful participant in joint activity with the State or its agents.") (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)) (additional internal quotations and citations omitted).

The Court finds no clear error in Magistrate Judge Lovric's conclusions with respect to Defendants Ruszkowski, Morrissey, Blovant, and Humphries.  The Court similarly finds no clear error in Magistrate Judge Lovric's conclusion that Plaintiff's Section 1983 claims against Defendant Webb should be dismissed based on the Amended Complaint's lack of allegations pertaining to whether Defendant Webb was acting under color of state law.  Accordingly, the Court adopts those portions of the Report-Recommendation.

However, the Court reaches a different conclusion with respect to the Report-Recommendation's recommendation to dismiss Defendant Webb from this action entirely.  In the Amended Complaint, Plaintiff alleges that, during his arrest, Defendant Webb "was standing on

4

[his] legs" while Defendants Ruszkowski, Morrissey, Blovant, and Humphries "beat on [his] head, back, sides (ribs), neck, shoulders, and pretty much every party of [his] body." Dkt. No. 9 at 4. Plaintiff also alleges that "[t]hroughout the altercation[,] . . . [Defendant] Webb was kneeling on [his] legs and punching the back of [his] legs." *Id.* Construing Plaintiff's Amended Complaint "to raise the strongest arguments that [it] suggest[s]," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), as required at this initial stage, the Court finds that Plaintiff has set forth sufficient allegations to state a claim against Defendant Webb for common law battery under New York law. *See Tardif v. City of N.Y.*, 991 F.3d 394, 410 (2d Cir. 2021) ("[c]ivil battery is an intentional wrongful physical contact with another person without consent") (internal quotations and citations omitted). This common law claim is sufficiently related to the federal claims brought against Defendants Ruszkowski, Morrissey, Blovant, and Humphries such that they "form part of the same case or controversy under Article III." 28 U.S.C. § 1367(a). Accordingly, the Court, in its discretion, elects to exercise pendent jurisdiction over this supplemental claim against Defendant Webb and concludes that the claim passes initial review and warrants a response. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).

IV.     **CONCLUSION**

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 20, is **ADOPTED in its entirety,** except for the recommendation regarding the dismissal of Defendant Webb; and the Court further

**ORDERS** that Plaintiff's excessive force and failure to protect claims against Defendants Ruszkowski, Morrissey, Blovat, and Humphries[2] **SURVIVE initial review and require a response**; and the Court further

**ORDERS** that Plaintiff's common law battery claim against Defendant Webb **SURVIVES initial review and requires a response**; and the Court further

**ORDERS** that Plaintiff's Section 1983 claims against Defendant Webb be **DISMISSED without prejudice and with leave to amend**;[3] and the Court further

**ORDERS** that any amended complaint must be filed within **thirty (30) days** of the filing date of this Order; and the Court further

**ORDERS** that if Plaintiff files an amended complaint within the time permitted, the amended complaint is referred to Magistrate Judge Lovric for further review; and the Court further

**ORDERS** that if Plaintiff does not file an amended complaint, the case is returned to Magistrate Judge Lovric for any orders relating to service; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.[4]

**IT IS SO ORDERED.**

Dated: May 22, 2025
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

---

[2] Plaintiff must take reasonable steps to ascertain the full identity of "Officer Humphries." Otherwise, Plaintiff risks dismissal of the unnamed Defendant pursuant to Fed. R. Civ. P. 4(m) and 41(b). *See Coward v. Town & Vill. Of Harrison*, 665 F. Supp. 2d 281, 300-302 (S.D.N.Y. 2009).

[3] Any amended pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

[4] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.