UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

WAYNE R. SMITH,

Plaintiff,

v. 6:24-cv-00828 (AMN/ML)

NICHOLAS RUSZKOWSKI, CONNOR BLOVAT, DAVID WEBB, DAVID MORRISSEY, and OFFICER HUMPHRIES,

Defendants.

---

**APPEARANCES:** **OF COUNSEL:**

**WAYNE R. SMITH**
24-B-3346
Orleans Correctional Facility
3531 Gaines Basin Road
Albion, New York 14411
Plaintiff *pro se*

**THE LAW OFFICE OF KEVIN G. MARTIN** **KEVIN G. MARTIN, ESQ.**
1600 Genesee Street
Utica, New York 13502
*Attorney for Defendants Blovat and Humphries*

**WARD ARCURI LAW FIRM** **ZACHARY C. OREN, ESQ.**
185 Genesee Street, Suite 1201
Utica, New York 13501
*Attorney for Defendant Webb*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On July 1, 2024, Plaintiff *pro se* Wayne R. Smith commenced this action against the Whitesboro Police Department, Officer Nicholas Ruszkowski, Officer Conner Blovat, and

"Officer Humphries." *See* Dkt. No. 1 ("Complaint"). Plaintiff later filed an amended complaint, removing the Whitesboro Police Department as a defendant and adding civilian David Webb and Officer David Morrissey as new defendants (collectively with Ruszkowski, Blovat, and Humphries, "Defendants"). *See* Dkt. No. 9 ("Amended Complaint"). Presently before the Court is an unopposed motion to dismiss filed by Defendants Blovat and Humphries, *see* Dkt. No. 42 ("Motion to Dismiss"), and a motion for judgment on the pleadings filed by Defendant Webb, *see* Dkt. No. 50 ("Motion for Judgment on the Pleadings").

For the reasons set forth below, the Court grants the Motion to Dismiss and denies as moot the Motion for Judgment on the Pleadings.

## II. BACKGROUND

Unless otherwise noted, the following facts are drawn from the Amended Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for the purposes of the Court's ruling, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021), or are otherwise matters of public record. *See Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

On April 5, 2024, Plaintiff left the scene of a motor vehicle accident while "under the influence of an unknown drug that was unknowingly put in [his] marijuana cigarette." Dkt. No. 9 at 3. Plaintiff hid under a trailer until he was found and arrested by Officers Ruszkowski, Morrissey, Humphries, and Blovat. *Id.* at 3–4. Plaintiff alleges that, during the arrest, he was beaten by the officers as well as stood on and punched by the "civilian" Webb. *Id.* at 4. Plaintiff further alleges that "they continued to assault [him] until [he] finally passed out," then he regained consciousness while they dragged him face down, and then he passed out again. *Id.*

In the Amended Complaint, Plaintiff brings claims of "police brutality," "failure to protect," and "excessive force" against Defendants pursuant to 42 U.S.C. § 1983. Dkt. No. 9 at 5. On March 25, 2025, United States Magistrate Judge Miroslav Lovric reviewed the Amended Complaint and recommended that (i) Plaintiff's excessive force and failure to protect claims against Defendants Ruszkowski, Morrissey, Blovat, and Humphries survive initial review; and (ii) Plaintiff's claims against Defendant Webb be dismissed without prejudice and with leave to amend. *See* Dkt. No. 20 ("Report-Recommendation") at 2–3, 8.[1] The Court adopted the Report-Recommendation in its entirety on May 22, 2025, except for the recommendation regarding the dismissal of Defendant Webb. *See* Dkt. No. 21 ("May Order") at 2.[2]

On January 12, 2026, Defendants Blovat and Humphries moved to dismiss the Amended Complaint for lack of personal jurisdiction and failure of service pursuant to Federal Rules of Civil Procedure 12(b)(2) and (5). *See* Dkt. No. 42. Defendant Webb filed a response in support of the Motion to Dismiss. *See* Dkt. No. 48 ("Webb's Response"). Plaintiff did not file a response in opposition to the Motion to Dismiss. *See* Dkt.

On January 28, 2026, Defendant Webb filed an answer to the Amended Complaint and cross-claims of contribution and common law indemnification against the other Defendants, contingent on the Court and jury finding and apportioning liability during trial. *See* Dkt. No. 46 ("Answer"). On February 9, 2026, Defendant Webb moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See* Dkt. No. 50. Plaintiff filed a response in opposition. *See* Dkt. No. 57 ("Plaintiff's Response").

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[2] The Court dismissed the Section 1983 claims against Defendant Webb but found that Plaintiff "set forth sufficient allegations to state a claim against Defendant Webb for common law battery under New York law." Dkt. No. 21 at 5.

## III. STANDARD OF REVIEW

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Therefore, Courts read *pro se* submissions liberally and interpret them "to raise the strongest arguments they suggest." *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 145 (2d Cir. 2017) (per curiam) (internal quotation marks omitted)).

### A. Rule 12(b)(2)

"When a defendant moves to dismiss a complaint under Rule 12(b)(2) for want of personal jurisdiction, courts must perform a two-part analysis." *Harris v. Ware*, No. 04-cv-1120, 2005 WL 503935, at *1 (E.D.N.Y. Mar. 4, 2005). "First, personal jurisdiction over a defendant must be established under the law of the state where the federal court sits." *Id.* (citation omitted). "Second, if jurisdiction is established under the governing statute, courts must determine whether the exercise of jurisdiction under the relevant state law would violate the defendant's due process rights." *Id.* (citation omitted).

On a Rule 12(b)(2) motion, "the plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *In re Tether & Bitfinex Crypto Asset Litig.*, 576 F. Supp. 3d 55, 86 (S.D.N.Y. 2021) (citing *In re Magenetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d. Cir. 2003)). Unless a court conducts "a full-blown evidentiary hearing," the plaintiff need only make

"a prima facie showing of jurisdiction through its own affidavits and supporting materials to survive a motion to dismiss under Rule 12(b)(2)." *Harris*, 2005 WL 503935, at *1 (internal quotation marks and citations omitted). "In other words, prior to discovery, a plaintiff may defeat a jurisdiction-testing motion by pleading in good faith . . . legally sufficient allegations of jurisdiction." *Id.* (internal quotation marks and citations omitted). But "to allege personal jurisdiction over a defendant, group pleading is not permitted." *In re Aegean Marine Petroleum Network, Inc. Sec. Litig.*, 529 F. Supp. 3d 111, 135 (S.D.N.Y 2021). Rather, a plaintiff must "establish a prima facie case of personal jurisdiction against *each* Defendant as to *each* claim asserted." *Berdeaux v. OneCoin Ltd.*, 561 F. Supp. 3d 379, 397 (S.D.N.Y. 2021) (emphasis in original).

When evaluating the parties' submissions, courts will read the complaint and submissions in the light most favorable to the plaintiff. *Daou v. Early Advantage, LLC*, 410 F. Supp. 2d 82, 88–89 (N.D.N.Y. 2006) (citations omitted). However, courts "'will not draw argumentative inferences in the plaintiff's favor' and need not 'accept as true a legal conclusion couched as a factual allegation.'" *In re Tether*, 576 F. Supp. 3d at 86 (quoting *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013)).

**B. Rule 12(b)(5)**

Under Rule 12(b)(5), a defendant may move to dismiss a pleading for insufficient service of process. *See DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 353 (N.D.N.Y. 2014). "On a Rule 12(b)(5) motion to dismiss, the plaintiff bears the burden of establishing that service was sufficient." *Khan v. Khan*, 360 F. App'x 202, 203 (2d Cir. 2010) (citing *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 298 (2d Cir. 2005)). To determine whether service of process was sufficient, courts look to materials outside the pleadings "to determine what steps, if any, the plaintiff took to

effect service." *Flemming v. Moulton*, No. 13-cv-1324, 2015 WL 5147035, at *4 (N.D.N.Y. Sept. 1, 2015) (citations omitted). If the Court determines that service was insufficient, the court may dismiss the action, or in the alternative, grant leave to allow the plaintiff to cure the insufficiency. *See Muhammad v. Price Chopper Corp.*, No. 24-cv-291, 2025 WL 460836, at *2 (N.D.N.Y. Feb. 11, 2025) (citation omitted).

**C. Rule 12(c)**

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that for granting a Rule 12(b)(6) motion for failure to state a claim." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 301 (2d Cir. 2021) (quoting *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020)). A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *See Patane v. Clark*, 508 F.3d 106, 111–12 (2d Cir. 2007). In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted). This presumption, however, does not extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [his or her] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* at 570.

## IV. DISCUSSION

### A. Service of Process and Lack of Personal Jurisdiction

#### 1. State and Federal Service of Process Requirements

Before a federal court can exercise personal jurisdiction over a defendant, valid service is required. *See Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). In this District, service of process is governed by Local Rule 4.1(b), which provides, in relevant part, that a plaintiff has sixty days from the filing of a complaint to effect service, and "[i]n no event shall service of process be completed after" ninety days, which is the deadline imposed by the Federal Rules of Civil Procedure. N.D.N.Y. L.R. 4.1(b); *see* Fed. R. Civ. P. 4(m). However, "[t]he Court has discretion in determining whether service of process should be executed within 60 days of the filing of the complaint as specified in the Local Rules, or within 90 days of the filing of the complaint as specified in the Federal Rules of Civil Procedure." *Burkhart v. Logan Beck Farm, LLC*, No. 23-cv-1426, 2024 WL 4493345, at *3 (N.D.N.Y. Oct. 15, 2024) (citation and brackets omitted); *see also Pensionsversicherungsanstalt v. Greenblatt*, 556 F. App'x. 23, 25 (2d Cir. 2014) (noting that a district court "has broad discretion to determine whether to overlook a party's failure to comply with local court rules" (citation omitted)). "[I]f the plaintiff shows good cause for the failure [to effect service], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Rule 4(e) of the Federal Rules of Civil Procedure governs the permissible methods of service on individual defendants. *See Flemming*, 2015 WL 5147035, at *5. Pursuant to Rule 4(e):

> [A] summons can be served on an individual within the United States by 1) delivering a copy of the summons and of the complaint to the individual personally; 2) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; 3) delivering a copy of each to an agent authorized by appointment or by law to receive service of process; or 4) can be served pursuant to the law of the state where service is made.

*Id.* (citing Fed. R. Civ. P. 4(e)(l)–(2)).

Service of process in New York may be effected by delivering the summons within the state to (1) "the person to be served"; (2) "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and by "mailing the summons to the person to be served at his or her last known residence" or "actual place of business" "within twenty days of [delivery]"; (3) "the agent for service of the person to be served"; or (4) through "so-called 'nail and mail' service." C.P.L.R. §§ 308(1)–(4)); *see Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016). New York courts construe "actual place of business" to include "(1) a place where the defendant regularly transacts business, or (2) an establishment that the defendant owns or operates, where there is a clear identification of the work performed by her within that place of business." *Archa v. New York*, No. 24-cv-677, 2025 WL 2371018, at *4 (N.D.N.Y. Aug. 14, 2025) (internal quotation marks and citation omitted).

**2. Service as to Defendants Blovat and Humphries**

Regarding the Motion to Dismiss, the Court notes that Rule 12(b)(2) and Rule 12(b)(5) are separate, though related, defenses, as Rule 12(b)(2) concerns lack of personal jurisdiction and Rule 12(b)(5) concerns insufficient service of process. *See Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1095 (2d Cir. 1990) ("As one would reasonably infer from the fact that the Rules list separately the defenses of lack of personal jurisdiction and insufficiency of service of process, these two defenses, while often related, are not identical."). As Defendants Blovat and Humphries base their lack of personal jurisdiction arguments on the insufficient service of process, the Court will analyze their Motion under Rule 12(b)(5). *See* Dkt. No. 42 at 6–10.

Defendants Blovat and Humphries argue that Plaintiff "fail[ed] to properly effectuate service" under the Federal Rules or state law. *Id.* at 7–8. They state that the "Summons and

Amended Complaint were dropped off at the Town of Whitestown police department . . . but there was no follow up mailing" or "proof of service" filed within twenty days, as required under New York law. *Id.* at 9. Thus, given the ineffective process, "all proceedings are rendered null and void" against them. *Id.* at 10.

The Court has reviewed the docket and the parties' submissions and agrees with Defendants Blovat and Humphries that Plaintiff failed to properly serve them in accordance with the Federal Rules or New York law. *See* Fed. R. Civ. P. 4(e); C.P.L.R. § 308. Pursuant to New York law, Plaintiff delivered the summonses to the Town of Whitestown police department. *See* Dkt. Nos. 53, 56; C.P.L.R. § 308(2). However, Plaintiff did not, as required under New York law, provide a follow-up mailing of the summonses or file proof of service within twenty days. *See* Dkt.; C.P.L.R. § 308(2). Plaintiff has had more than one year since the Court's deadline to submit summonses for service, and he has not shown good cause for the failure to properly serve Defendants Blovat and Humphries. *See* Dkt. Nos. 24, 26. Further, Plaintiff did not file an opposition to the Motion to Dismiss. *See generally* Docket. Accordingly, the Court grants the Motion to Dismiss without prejudice.

**3. Service as to Defendants Ruszkowski and Morrissey**

Defendants Ruszkowski and Morrissey have not appeared in this action, and summonses as to those Defendants have been returned unexecuted. *See* Dkt. Nos. 54, 55. As with Defendants Blovat and Humphries, Plaintiff has had ample time to serve Defendants Ruszkowski and Morrissey and has not shown good cause for the failure to do so. *See supra* Part IV.A.2; Dkt. Nos. 24, 26. Although Plaintiff is accorded leniency as a *pro se* litigant, he is not entitled to "'stand idle upon being notified . . . by the U.S. Marshals Service' that efforts to serve [Defendants Ruszkowski and Morrissey] were unsuccessful." *McGee v. Haigh*, No. 13-cv-394, 2015 WL 1456612, at *2

(N.D.N.Y. Mar. 30, 2015) (*sua sponte* dismissing claims against a defendant due to failure of service, despite plaintiff's *pro se* and *in forma pauperis* status). Accordingly, pursuant to the Federal and Local Rules, the Court *sua sponte* dismisses all claims against Defendants Ruszkowski and Morrissey without prejudice. *See* Fed. R. Civ. P. 4(m); N.D.N.Y. L.R. 4.1(b).

**B. Supplemental Jurisdiction Over Defendant Webb**

Following the Court's May Order, one state common law battery claim remains against Defendant Webb. *See* Dkt. No. 21 at 6. In his response in support of the Motion to Dismiss, Defendant Webb requested that, if the Court did not obtain jurisdiction over the other Defendants, "the Court should decline to exercise its supplemental jurisdiction over" him. Dkt. No. 48 at 1. Defendant Webb also filed a Motion for Judgment on the Pleadings. *See* Dkt. No. 50. As the Court has dismissed the Section 1983 claims against the other Defendants, the Court declines to exercise supplemental jurisdiction over the sole surviving state law claim against Defendant Webb. *See* 28 U.S.C. § 1367; *Cull v. United States*, No. 23-cv-1462, 2025 WL 931968, at *5 (N.D.N.Y. Mar. 27, 2025) (declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims). Therefore, the Court dismisses the remaining claim against Defendant Webb without prejudice and denies as moot the Motion for Judgment on the Pleadings.

**V. CONCLUSION**

Accordingly, the Court hereby:

**ORDERS** that Defendants Blovat and Humphries' motion to dismiss, Dkt. No. 42, is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's claims against Defendants Ruszkowski and Morrissey are **DISMISSED**; and the Court further

**ORDERS** that Plaintiff's remaining state law claim against Defendant Webb is **DISMISSED for lack of supplemental jurisdiction**; and the Court further

**ORDERS** that Defendant Webb's motion for judgment on the pleadings, Dkt. No. 50, is **DENIED as moot**; and the Court further

**ORDERS** that Plaintiff's Amended Complaint, Dkt. No. 9, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk shall close this case; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the Parties in accordance with the Local Rules.[3]

**IT IS SO ORDERED.**

Dated: September 10, 2026
Albany, New York

Anne M. Nardacci
U.S. District Judge

[3] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.